# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 21, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BONITA REEVES, | * | No. 15-1284V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 29, 2015, Bonita Reeves ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that she suffered transverse myelitis that either was caused or significantly aggravated by her September 24, 2014 receipt of the influenza ("flu") vaccine. Pet. at ¶¶ 1-2. On June 25, 2019, the parties filed a Stipulation for Award, which I adopted as my decision awarding compensation on the same day. Decision, ECF No. 57.

On July 17, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 58 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $57,906.60 (representing $42,237.85 in fees and $15,668.75 in costs). Fees App. at 1. Pursuant to General

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order No. 9, petitioner warrants that she has personally incurred costs of $551.09 related to the prosecution of her petition. *Id.* Respondent responded to the motion on July 17, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requests that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Resp. at 2–3 (ECF No. 59). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates for the work of her attorneys: for Mr. Clifford Shoemaker, $415.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019; for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, and $445.00 per hour for work performed in 2019; and for Ms. Sabrina Knickelbein, $350.00 per hour for work performed in 2015, $365.00 per hour for work performed in 2016, $378.00 per hour for work performed in 2017, $391.00 per hour for work performed in 2018, and $400.00 per hour for work performed in 2019. These rates are consistent with what Shoemaker and Associates attorneys have been awarded for their Vaccine Program work. Accordingly, the requested rates require no adjustment.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

I have reviewed the submitted billing entries and find that reductions are necessary due to problems which have consistently been noted in fees applications submitted by Shoemaker and Associates attorneys. Specifically, concerning the entries of Mr. Shoemaker, I note that special masters have consistently reduced his awarded fees for vague billing entries. *See Barry v. Sec'y of*

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

*Health & Human Servs.*, No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8.

In this case, examples of vague entries prepared by Mr. Shoemaker include "Emails to Renee," "Emails from Renee," and "PC w Clients" because they do not describe the topic of the correspondence, leaving me unable to determine whether the time billed for the correspondence was reasonable, or necessary at all. Accordingly, the undersigned shall reduce the amount of the fees attributable to Mr. Shoemaker's work by ten percent, resulting in a reduction of **$2,102.60**.[4]

Also requiring reduction are the hours of Ms. Knickelbein for duplicative billing and for billing paralegal work at attorney rates. The record indicates that Ms. Knickelbein billed for review of all filings made by respondent and the Court, which were contemporaneously billed for by Mr. Shoemaker. Although Ms. Knickelbein played a larger role in this case than in past cases (the records indicate she was the main point of contact to the client for the firm), not all filings require two sets of attorney eyes to review (e.g., notices of appearance by respondent and the Court, the initial order, 15-week order, etc.). Additionally, Ms. Knickelbein performed a great deal of work which would typically be performed by paralegals, such as reviewing received medical records to make sure they are responsive to the request, filing documents online, and drafting *pro forma* legal documents such as notices of filing.

For these reasons, I find it reasonable to reduce the amount billed attributable to Ms. Knickelbein's work by thirty percent, resulting in a reduction of **$2,055.90**.[5] Petitioner is therefore awarded final attorneys' fees of **$38,079.35**.

c. **Attorneys' Costs**

Petitioner requests a total of $15,668.75 in attorneys' costs. The majority of this amount ($13,250.00) is for the expert work of Dr. Carlo Tornatore, who reviewed petitioner's medical records and submitted an expert report. I have reviewed Dr. Tornatore's billing records and find that the hours billed (26.5) are reasonable for the work performed in this matter. However, Dr. Tornatore's requested rate of $500.00 per hour must be adjusted.

Dr. Tornatore has consistently been awarded $400.00 per hour for his work in the Vaccine Program. *See Cipa v. Sec'y of Health & Human Servs.*, No. 16-462V, 2019 WL 2744851, at *4 (Fed. Cl. Spec. Mstr. Jun 6, 2019); *Bonica v. Sec'y of Health & Human Servs.*, No. 16-1127V,

---

[4] The billing entries indicate that Mr. Shoemaker billed a total of $21,026.00 in this case. Fees App. at 30.

[5] The billing entries indicate that Ms. Knickelbein billed a total of $6,853.00 in this case. Fees App. at 30-31.

2019 WL 948368, at *5 (Fed. Cl. Spec. Mstr. Jan. 22, 2019); *Averitt v. Sec'y of Health & Human Servs.*, No. 16-938V, 2018 WL 4907991, at *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2018). Recently, at least one special master has expressed a willingness to award Dr. Tornatore a higher rate for his more recent work. *See Cipa,* 2009 WL 2744851 at *3 ("While I would be open in future cases to award Dr. Tornatore a higher rate, I find that rate of $400.00 per hour is appropriate in this case.").

In this case, I will compensate Dr. Tornatore's work from 2015-2017 at the previously established rate of $400.00 per hour. Concerning Dr. Tornatore's work in 2018, I am willing to increase his rate to $450.00 per hour in recognition of the overall work he has provided for the Vaccine Program, and for his work in this case. However, I note that it is petitioner's burden to justify a requested expert rate. *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008) ("The burden is on the petitioner to demonstrate the reasonableness of the expert's requested hourly rate."). In the instant case, petitioner has failed to meet this burden, as petitioner's fees application contains no justification as to why Dr. Tornatore should be awarded $500.00 per hour. This is particularly relevant given that counsel has frequently retained Dr. Tornatore as an expert, requested an hourly rate of $500.00, and had that rate reduced. *See Cipa*, 2009 WL 2744851 at *3.

Applying the aforementioned rates to Dr. Tornatore's work results in a reduction of **$2,550.00**.[6] The undersigned finds the remaining requested costs, which consist of acquiring medical records and making photocopies, to be reasonable and supported by adequate documentation. Accordingly, petitioner is entitled to final attorneys' costs of **$23,114.49.**

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner states that she has personally incurred costs of $551.09 in this case. This amount is comprised of the Court's filing fee and postage. Petitioner has provided adequate documentation supporting these costs, and they shall be fully reimbursed.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $42,237.85 |
|---|---|
| (Reduction to Fees) | - ($4,158.50) |
| **Total Attorneys' Fees Awarded** | **$38,079.35** |
|  |  |
| Attorneys' Costs Requested | $15,668.75 |
| (Reduction of Costs) | - ($2,550.00) |
| **Total Attorneys' Costs Awarded** | **$13,118.75** |

---

[6] For work performed in 2015-2017: ($500.00 per hour requested - $400.00 per hour awarded) * 24.5 hours = $2,450.00.

For work performed in 2018: ($500.00 per hour requested - $450.00 per hour awarded) * 2.0 hours = $100.00.

| | |
|---|---|
| **Total Attorneys' Fees and Costs** | **$51,198.10** |
| | |
| **Petitioner's Costs** | **$551.09** |
| | |
| **Total Amount Awarded** | **$51,749.19** |

      In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award the following:**

1) **a lump sum in the amount of $51,198.10, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Clifford Shoemaker; and**

2) **a lump sum in the amount of $551.09, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[7]

      **IT IS SO ORDERED.**

                                      s/Daniel T. Horner
                                      Daniel T. Horner
                                      Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).